IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JESUS RAMIREZ GUZMAN, )
)
      Pro Se Plaintiff, )
) Case No. 3:08-cv-00957
v. )
)
GREEN PASTURES FARM, INC., )
)
      Defendant.

To: The Honorable Robert Echols

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

Presently pending before the Magistrate Judge is Defendant's Motion for Summary Judgment. (DE 11).

For the reasons stated below, the Magistrate Judge **recommends** that the Defendant's Motion for Summary Judgment (DE 11) be **granted.**

### II. BACKGROUND

Plaintiff, Jesus Ramirez Guzman, began working for Defendant, Green Pastures Farm, Inc., in March 2004 and was terminated by Defendant on May 3, 2006. (Guzman Depo. p. 15, 42; Conner Aff. ¶ 3). Defendant gave Plaintiff his last paycheck on May 5, 2006 and the check was cleared on May 9, 2006. (Conner Aff. ¶ 4). Plaintiff initially filed this lawsuit on August 29, 2008 alleging that Defendant violated the Fair Labor Standards Act ("FLSA") by not paying him for overtime. Defendant removed the case to federal court and, on March 23, 2009, filed a Motion for Summary Judgment claiming that the FLSA's statute of limitations bars Plaintiff's

claim. (DE 11).

## III. LEGAL DISCUSSION

### A. Standard of Review

Summary judgment should be granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 251-52 (1986); *Moses v. Providence Hosp. & Med. Ctrs., Inc.*, 561 F.3d 573, 578 (6th Cir. 2009). After adequate time for discovery and upon motion, Rule 56(c) mandates summary judgment against a party who fails "to establish the existence of an element essential to that party's case, and on which that party bears the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *In re Petty*, 538 F.3d 431, 439 (6th Cir. 2008).

### B. Defendant's Motion for Summary Judgment

The Magistrate Judge finds that there are no genuine issues of material fact and as a matter of law the Defendant is entitled to Summary Judgment. The relevant portion of the FLSA states:

> Any action commenced on or after the date of the enactment of this Act [enacted May 14, 1947] to enforce any cause of action for . . . unpaid overtime compensation...under the Fair Labor Standards Act of 1938 . . . may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause

of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued.

29 U.S.C. § 255(a).

Under the FLSA, a cause of action accrues with each paycheck, *Gandy v. Sullivan County*, 24 F.3d 861, 864 (6th Cir. 1994), and an action is commenced when a plaintiff files a complaint. 29 U.S.C. § 256(a) Consequently, the cause of action in this case accrued at the latest on May 9, 2006 when the Plaintiff's last paycheck was cleared. The Plaintiff filed the law suit more than two years later on August 29, 2008. Thus, the claim is barred by the two-year statute of limitations.

A three-year statute of limitations applies only if the violation was willful. 29 U.S.C. § 255(a). In order to show the violation was willful, the Plaintiff must establish that the Defendant knew or recklessly disregarded whether its conduct was prohibited by the FLSA. *McLauglin vs. Richland Shoe Co.*, 486 U.S. 128, 130-33 (1988).

A review of the Plaintiff's complaint does not show the Plaintiff alleges that this violation was willful. (DE 1). He only alleges he is due 18 months past due overtime. (DE 1). Furthermore, pursuant to local rule 7.01(b), Plaintiff's failure to file a timely response to Defendant's motion indicates that he does not oppose the Motion for Summary Judgment. Therefore, a three-year statute of limitations does not apply.

## IV. CONCLUSION

For the reasons stated above, the Magistrate Judge **recommends** that the Defendant's Motion for Summary Judgment (DE 11) be **granted**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation within which to file with the District Court any

written objections to the proposed findings and recommendations made herein. Any party will have ten(10) days from receipt of any objections filed regarding this report to file a response to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

ENTERED this 4th day of June, 2009

Joe B. Brown
United States Magistrate Judge